UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JACK FRISON, SR., | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | No. 4:17 CV 2740 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before me on the motion of Jack Frison, Sr.'s ("Frison") to vacate, set aside, or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255.  In his motion Frison challenges the charges against him and asserts that his constitutional rights were violated.  For the reasons below, I find that Frison's claims are without merit.  As a result, his motion will be denied.

## I.      BACKGROUND

On June 13, 2013, a grand jury charged Frison with a three-count indictment.  Count I charged Frison with conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371.  Count II charged Frison with aiding and abetting felony copyright infringement, in violation of 17 U.S.C. § 506(a)(1)(A), 18 U.S.C. § 2319(b)(1) and 18 U.S.C. § (2).  Count III charged

Frison with aiding and abetting the trafficking in counterfeit goods, in violation of 18 U.S.C. § 2320(a) and 18 U.S.C. § (2).  The indictment also included a forfeiture allegation.  A superseding indictment was returned on April 16, 2014. The superseding indictment simply added or clarified allegations and retained the three substantive counts.  The charges stem from Frison's activities at the Frison Flea Market in Pagedale, Missouri.

The evidence at trial established that Frison owned and operated the market for more than thirty years.  For many years vendors at the market openly sold counterfeit goods including designer clothes and handbags.  In addition, vendors openly sold illegal copies of music CDs and motion picture DVD's.  On June 22, 2012, federal agents executed a series of search and seizure warrants directed at Frison, the market, and Frison's residence.  As a result of those warrants, agents seized thousands of counterfeit purses and tens of thousands of counterfeit / bootleg motion picture DVDs and music CDs.  In all, more than 164,000 counterfeit items were seized with an appraised value of over $20,000,000.  The counterfeit handbags contained the labels and trademarks of designers including Coach, Dolce & Gabbana, Michael Kors, and Tory Burch.  Counterfeit designer labels and tags were also seized.  The counterfeit CD's included the copyrighted music of Adele, Beyonce, Ray Charles, Marvin Gaye, and others.  The DVDs were

counterfeit copies of the movies The Avengers, Safe House, Thor, Men in Black 3, Tower Heist, and others.

The market was typically open three days each week.  Frison was usually present at the market when it was open and exercised complete control of the operation.  He fixed prices for items sold at the market, fined vendors for selling counterfeit Coach products, and directed an undercover agent posing as a vendor to call her counterfeit iPhones "lookalikes" rather than "fakes."  The evidence established that Frison was aware that counterfeit items were being sold in his market and told his vendors that he was protecting them from the police.  Frison's income was derived from charging vendors a rental fee for the booths, fining vendors, and by charging customers an entry fee of $1 each.  Frison made hundreds of thousands of dollars a year from his market operation.

At the conclusion of his trial I found Frison to be guilty of all counts.[1]  I sentenced him to twenty-four months of imprisonment, imposed restitution in the amount of $67,168.71, and granted the forfeiture of the property seized in the investigation.  See United States v. Frison, 4:13 CR 231 RWS (E.D. Mo. 2014).

Frison filed an appeal with the United States Court of Appeals for the Eighth Circuit.  The sole ground raised on appeal was that the statutes of conviction were

---

[1] This was a bench tried case.

unconstitutionally vague as applied to Frison.  The Eighth Circuit denied his direct appeal and affirmed the judgment and sentence.

Frison filed this motion to vacate, set aside, or correct his sentence.  He alleges four grounds for relief: 1) the charge of conspiracy to commit an offense against the United States is unsupported because he did not sell counterfeit goods, his vendors did; 2) the trial judge was bias; 3) he cannot be guilty of aiding and abetting because individual vendors were not charged with an offense; and 4) violations of his Fourth and Six Amendment rights.  For the reasons below I will deny Frison's grounds for relief.

## II.   LEGAL STANDARD

A motion pursuant to § 2255 is "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.  Davis v. United States 417 U.S. 333, 343 (1974).  Under § 2255, "a defendant in federal custody may seek post-conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  Watson v. United States, 493 F.3d 960, 963 (8th Cir 2007).  "Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255."  United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001).  One

exception arises when there is a "miscarriage of justice," but the Eighth

Circuit Court of Appeals has "recognized such an exception only when

petitioners have produced convincing new evidence of actual innocence, and

the Supreme Court has not extended the exception to situations beyond

involving a petitioner's actual innocence."  Id. (citations omitted).  "[T]he

Court has emphasized the narrowness of the exception and has expressed its

desire that it remain rare and available only in the extraordinary case."  Id.

(citations omitted).  Section 2255 ordinarily "is not available to correct

errors which could have been raised at trial or on direct appeal."  Ramey v.

United States, 8 F.3d 1313, 1314 (8th Cir. 1993).  "Where a defendant has

procedurally defaulted a claim by failing to raise it on direct review, the

claim may be raised in habeas only if the defendant can first demonstrate

either cause and actual prejudice, or that he is actually innocent."  Bousley v.

United States, 523 U.S.614, 622 (1998) (citations omitted).

## III.   DISCUSSION

All of Frison's claims could have been raised at trial or on direct appeal.

Frison failed to do so.  As a result, all of his claims are procedurally defaulted.

Meeks v. United States, 742 F.3d 841, 844 (8th Cir. 2014)("A § 2255 petition is

not a second direct appeal and issues raised for the first time in a § 2255 petition

are procedurally defaulted.").  Frison has failed to make a showing of cause and

prejudice for his failure to raise these claims previously.  Nor do his claims support the finding of a fundamental defect that resulted in a miscarriage of justice.

Frison's claims also fail on the merits.  In his first ground for relief Frison alleges that he cannot be guilty of conspiracy because he did not commit the offence of actually selling the counterfeit merchandise.[2]  To prove conspiracy under18 U.S.C. § 371, the United States must show beyond a reasonable doubt that the defendant knowingly entered into an agreement or reached an understanding with others to violate a federal statute and that at least one of the persons joined in the agreement overtly acted in furtherance of the agreement.  United States v. Sweeney, 611 F.3d 459, 468 (8th Cir. 2010).

The elements of conspiracy may be proved by direct or circumstantial evidence, and the fact finder may draw reasonable inferences from the evidence presented about what the defendant's state of mind was when he did or said the things presented in the evidence.  United States v. Louper-Morris, 672 F.3d 539, 555 (8th Cir. 2012).

The evidence in the case clearly established that the vendors at the market were trafficking in counterfeit goods in violation of 18 U.S.C. § 2320, and were willfully and for the purpose of private financial gain infringing the copyright of

---

[2] Frison also asserts in a sentence that "When I was apprehended-arrested and held by armed agents at gun point, I was not given or read to me my Miranda rights, while they occupied me, nor was I given the right to legal counsel."   This claim is addressed infra in Frison's fourth ground for relief.

one or more copyrighted works by reproducing or distributing thousands copies of copyrighted works having a total retail value of more than $2,500.00, in violation of 18 U.S.C. §§ 2319(b)(1) and (c)(1) and 17 U.S.C. § 506(a)(1).  Frison reached an implicit agreement / understanding with these vendors that he would allow them to sell counterfeit goods at the market in exchange for booth fees and fines.  Each time Frison rented a booth to a vendor that Frison knew was selling counterfeit goods, Frison affirmed the agreement and understanding with that vendor.  Frison also allowed vendors who rented booths monthly to store their counterfeit goods at the market when the market was closed.

While the agreement was in effect, Frison and many of the vendors knowingly performed acts to carry out or carry forward the agreement.  The evidence established that vendors openly sold counterfeit goods in the market in furtherance of the conspiracy through June 2012 when the market was raided by law enforcement.  Moreover, Frison continued to allow counterfeit goods to be sold after he was sued by Coach, Inc. for permitting the sale of counterfeit Coach products at the market.  See Coach, Inc. v. Frison, 4:10 CV 2289 RWS (E.D. Mo. 2105).  However, Frison subsequently fined vendors caught selling counterfeit Coach products to assist him in the cost of the Coach lawsuit.  As a result, I find Frison's first ground for relief is without merit.

In his second ground for relief Frison claims I was a biased judge because I had presided over the Coach case.  A judge is not deemed biased merely because he presided over a previous proceeding involving the defendant.  A judge's knowledge and opinion of a defendant from a previous proceeding cannot be the basis for bias or prejudice because they were "properly and necessarily acquired in the course of the proceedings" and were "necessary to the completion of the judge's task." Liteky v. United States, 510 U.S. 540, 551 (1994).  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.  In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required … when no extrajudicial source is involved." Id. (internal citation omitted).  The fact that I presided over Frison's previous case cannot support a claim of bias.  Moreover, I presided over Frison's criminal case with an open mind and without predisposition as to the outcome.  As a result, I will deny Frison's second ground for relief.

For his third ground for relief Frison claims that if the principal actors (vendors) were acquitted or not charged then he cannot be convicted of aiding and abetting in the acts of copyright infringement and trafficking in counterfeit goods.  Under federal law generally, and 18 U.S.C. § 2 specifically, a defendant can be

8

found guilty of a substantive offense, even if that defendant did not do every act constituting the crime charged, if he aided and abetted its commission.  The traditional elements of aiding and abetting are "the defendant (1) associated himself with the unlawful venture; (2) participated in it as something he wished to bring about; and (3) sought by his actions to make it succeed."  United States v. Santana, 524 F.3d 851, 854 (8th Cir. 2008)(methamphetamine case) (citations omitted).  See also United States v. Hayes, 574 F.3d 460,476-77 (8th Cir. 2009) (same elements applied to aiding and abetting in a fraud context).

Frison is mistaken that none of the vendors at his market were convicted of selling counterfeit items at the market.  Vendor Moody Samba, a/k/a Barry Samba, was convicted of selling counterfeit merchandise at the market in violation of 18 U.S.C. §§ 2320(a) and 18 U.S.C. §§ 2320(b)(1)(A).  United States v. Moody, 4:13 CR 126 AGF (E.D. Mo 2014).   Approximately 400 counterfeit purses were seized from Samba's vendor stall at the market when the federal search and seizure warrants were executed on June 22, 2012.  Another vendor, Soukeye Fox, was also selling counterfeit merchandise at the market and was convicted in relation to that activity as a violation of 18 U.S.C. § 547.  United States v. Fox, 4:13 CR 241 AGF (E.D. Mo 2014).  Counterfeit purses were seized from Fox's vendor stall at the market when the federal search and seizure warrants were executed on June 22, 2012.

Because vendors at Frison's market were convicted of selling counterfeit goods at locations including Frison's market, Frison was permissibly convicted of aiding and abetting that activity.  As a result, I will deny Frison's third ground for relief.

In his final ground for relief, Frison claims his Fourth and Sixth Amendment rights under the United States Constitution were violated when "[a]gents apprehended me and search and took my personal possessions from me without a warrant."  He also asserts that "[w]hen I was arrested, I was not read my Miranda rights while they occupied me, nor was I given the right to legal counsel."  This second claim is the same one that Frison asserted in one line of his first ground for relief.

Frison fails to support these allegations with any information beyond his conclusory assertion.  On June 22, 2012, federal agents executed a series of valid search and seizure warrants directed at Jack Frison, the Frison Flea Market, and Frison's residence.  See 4:12 MJ 7129 (2013) (Doc. # 13).  As a result, the search of the market and Frison's residence were judicially authorized.  The record reflects that Frison participated in a voluntary, non-custodial interview on June 22, 2012 with federal agents during the execution of the search warrant at the market.  See United States v. Frison, 4:23 CR 231 RWS (E.D. Mo. 2014) (Doc. # 61 at 187).

Frison was arrested a year later on June 20, 2013.  Frison asserts that when he was arrested, he was not informed of his <u>Miranda</u>[3] rights or "given the right to legal counsel."  Frison does not provide any further information to support these allegations.  Nor does Frison identify any statements he made after his arrest which were used against him in violation of his <u>Miranda</u> rights.  As a result, Frison's grounds for relief under the Fourth and Sixth Amendment will be denied.

## IV.    CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1)(B).  To grant such certificate, the judge must find a substantial showing of the denial of a federal constitutional right.  <u>Id.</u> at § 2253(c)(2); <u>Tiedeman v. Benson</u>, 122 F.3d 518, 522 (8th Cir. 1997).  Because Frison has not made such a showing, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED that** Jack Frison, Sr.'s's motion to vacate, set aside, or correct his sentence in federal custody pursuant to 18 U.S.C. § 2255 is **DENIED.**

---

[3] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

**IT IS FURTHER ORDERED that** this court will not issue a certificate of appealability, as Frison has not made a substantial showing of the denial of a federal constitutional right.

A Separate Judgment in accordance with this Memorandum and Order is entered this same date.


RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of March, 2021

12